UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHINESE AMERICAN LEGAL DEFENSE ALLIANCE,<br>7901 Stoneridge Drive #208,<br>Pleasanton, CA 94588<br><br>*Plaintiff,*<br><br>v.<br><br>NATIONAL INSTITUTES OF HEALTH,<br>9000 Rockville Pike<br>Bethesda, Maryland 20892<br><br>*Defendant.* | Civil Action No. 23-2046 |

## COMPLAINT

1. Plaintiff Chinese American Legal Defense Alliance ("Plaintiff" or "CALDA") brings this Freedom of Information Act judicial review against Defendant National Institutes of Health ("Defendant") to compel Defendant to produce the responsive records relating to Plaintiff's Request. Defendant has violated the Freedom of Information Act by failing to issue a determination within the statutory period, by failing to conduct a reasonable search, and by failing to produce the responsive, non-exempt records.

## PARTIES

2. Plaintiff is a non-profit organization registered in New Jersey and California with a principal place of business in California.

3. Defendant is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

4. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question which confers jurisdiction on this Court. *See* 28 U.S.C. § 1331.

5. The venue is proper under 5 U.S.C. § 552(a)(4)(B).

## LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

8. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B). 10. Pursuant to FOIA, this Court may assess attorneys' fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## PLAINTIFF'S MAY 9, 2023 FOIA REQUEST

9. On May 9, 2023, CALDA submitted a FOIA Request to DOJ for the following:

> A. All records since January 1, 2014, that discuss any investigations and/or cases against any professors of a U.S. university regarding any of the following subjects:

- their possible failure to disclose their ties or affiliations with any country that is considered an enemy or adversary of the United States (e.g. China, Russia, North Korea or Iran); or
- their possible failure to disclose their income received from a country that is considered an enemy or adversary of the United States.

B. All records since January 1, 2014, that discuss any investigations and cases against the following professors:

- Prof. Anming Hu of University of Tennessee;
- Prof. Feng "Franklin" Tao of University of Kansas;
- Prof. Mingqing Xiao of Southern Illinois University;
- Prof. Gang Chen of Massachusetts Institute of Technology; or
- Prof. Xiaoxin Xi of Temple University.

C. All records since January 1, 2014, containing a periodic summary of investigations and cases against any professors of a U.S. university regarding any of the following subjects: their possible ties or affiliation with China;

- their possible theft of U.S. technology or trade secrets for China;
- their possible acts of espionage for China;
- their possible failure to disclose their ties or affiliations with China; or
- their possible failure to disclose their income received from China.

D. All emails to or from Matthew Olsen, Assistant Attorney General for National Security, former Director of the National Counterterrorism Center, since January 1, 2014, concerning the investigation or prosecution of any professors of a U.S. university regarding any of the following subjects:

- their possible ties or affiliation with China;
- their possible theft of U.S. technology or trade secrets for China;
- their possible acts of espionage for China;
- their possible failure to disclose their ties or affiliations with China; or
- their possible failure to disclose their income received from China.

E. All emails to or from John C. Demers, former Assistant Attorney General for National Security, concerning the investigation or prosecution of any professors of a U.S. university regarding any of the following subjects:

- their possible ties or affiliation with China;
- their possible theft of U.S. technology or trade secrets for China;
- their possible acts of espionage for China;
- their possible failure to disclose their ties or affiliations with China; or
- their possible failure to disclose their income received from China.

F. All records that discuss or describe communications with the University of Kansas, Cleveland Clinic, Massachusetts Institute of Technology, University of Tennessee, Temple University, Southern Illinois University, or National Aeronautics and Space Administration concerning the investigation or prosecution of any professors of a U.S. university regarding any of the following subjects:

- their possible ties or affiliation with China;
- their possible theft of U.S. technology or trade secrets for China;
- their possible acts of espionage for China;
- their possible failure to disclose their ties or affiliations with China; or

- their possible failure to disclose their income received from China.

G. All records, reports, training materials, policy directives, and emails to and from the Department of Justice concerning the investigation or prosecution of any professors of a U.S. university regarding any of the following subjects:

- their possible ties or affiliation with China;
- their possible theft of U.S. technology or trade secrets for China;
- their possible acts of espionage for China;
- their possible failure to disclose their ties or affiliations with China; or
- their possible failure to disclose their income received from China.

H. All records, reports, training materials, policy directives, and emails to and from the Department of Justice concerning the investigation or prosecution of any professors of a U.S. university regarding any of the following subjects:

- their possible ties or affiliation with China;
- their possible theft of U.S. technology or trade secrets for China;
- their possible acts of espionage for China;
- their possible failure to disclose their ties or affiliations with China; or
- their possible failure to disclose their income received from China.

I. All records, reports, training materials, policy directives, and emails to and from the Federal Bureau of Investigation concerning the investigation or prosecution of any professors of a U.S. university regarding any of the following subjects:

- their possible ties or affiliation with China;
- their possible theft of U.S. technology or trade secrets for China;
- their possible acts of espionage for China;

- their possible failure to disclose their ties or affiliations with China; or
- their possible failure to disclose their income received from China.

J. All records, reports, training materials, policy directives, and emails to and from the U.S. Customs and Border Protection concerning the investigation or prosecution of any professors of a U.S. university regarding any of the following subjects:

- their possible ties or affiliation with China;
- their possible theft of U.S. technology or trade secrets for China;
- their possible acts of espionage for China;
- their possible failure to disclose their ties or affiliations with China; or
- their possible failure to disclose their income received from China.

K. For all the above requests, the term "a U.S. university" also includes a higher education institution, a post-secondary education institution, or a third-level or tertiary education institution.

See Exhibit 101.

10. In Plaintiff's May 9, 2023 Request, Plaintiff also requested expedited processing.

11. Defendant acknowledged receipt of Request on May 19, 2023, and assigned the Request FOIA Case No. 60217. Exhibit 102. Defendant denied Plaintiff's request for expedited processing, stating that Plaintiff's request did not meet the standard of "compelling need." *Id*.

12. Defendant did not prove an estimated completion date.

13. On June 8, 2023, Plaintiff submitted an appeal. Exhibit 103.

14.     Defendant received Plaintiff's appeal on June 8, 2023. Exhibit 104. Defendant acknowledged receipt of the appeal in a letter, dated June 9, 2023. *Id.*

15.     Defendant did not issue a determination on Plaintiff's appeal. As of the filing of this Complaint, Defendant has not issued a final response for FOIA Case No. 60217.

## COUNT I – DEFENDANT'S FAILURE TO ISSUE A DETERMINATION WITHIN THE STATUTORY PERIOD

16.     The above paragraphs are incorporated by reference.

17.     The request seeks the disclosure of agency records and was properly made.

18.     DOJ and FBI are federal agencies subject to FOIA.

19.     Included within the scope of the request are one or more records or portions thereof that are not exempt under FOIA.

20.     DOJ and FBI have failed to issue determinations within the statutory deadline.

## COUNT II – DEFENDANT'S FAILURE TO CONDUCT A REASONABLE SEARCH

21.     The above paragraphs are incorporated by reference.

22.     The request seeks the disclosure of agency records and was properly made.

23.     DOJ and FBI are federal agencies subject to FOIA.

24.     DOJ and FBI have failed to conduct a reasonable search for records responsive to the request.

## COUNT III – DEFENDANT'S FAILURE TO PRODUCE RECORDS

25. The above paragraphs are incorporated by reference.

26. The request seeks the disclosure of agency records and was properly made.

27. DOJ and FBI are federal agencies subject to FOIA.

28. Included within the scope of the request is one or more records or portions thereof that are not exempt under FOIA.

29. DOJ and FBI have failed to produce records responsive to the request.

**WHEREFORE**, Plaintiff asks the Court to:

    i. order Defendant to conduct an adequate search for records;

    ii. order Defendant to issue a determination;

    iii. order Defendant to promptly produce all non-exempt responsive records or portions of records;

    iv. enjoin Defendant from withholding non-exempt public records under FOIA;

    v. award Plaintiff reasonable attorneys' fees and costs; and,

    vi. award such other relief the Court considers appropriate.

Dated: July 17, 2023

        RESPECTFULLY SUBMITTED,

        <u>/s/ C. Peter Sorenson</u>

        C. Peter Sorenson, DC Bar #438089

        Sorenson Law Office

        PO Box 10836

        Eugene, OR 97440

        (541) 606-9173

        *Attorney for Plaintiff*

        Chinese American Legal Defense Alliance